EMPIRE TRUST COMPANY, Trustee, Respondent, v. NEWPORT ENGINEERING COMPANY, Defendant; FRANK SKINNER and MARY SKINNER, First Name Being Fictitious, True Name Being Unknown to Plaintiff, Person Intended Being the Wife of FRANK SKINNER, Appellants.— Judgment of foreclosure and sale, in an action to foreclose as a mortgage a deed of trust, modified by striking out the provision directing judgment against defendants Frank Skinner and Dolly Skinner personally, for the costs and the extra allowance, and as so modified unanimously affirmed, without costs. In view of this determination the appeal from so much of the resettled order dated June 26, 1936, as denies appellants' motion to modify the judgment is dismissed. Findings of fact numbered VII and XX are reversed and conclusion of law numbered VI disapproved and new findings, incorporating the appealing defendants' proposed finding of fact numbered 7, will be made. In our opinion, the mortgage or deed of trust was intended to operate as a mortgage or lien upon the premises only to the extent of the principal sum of $9,500 and the interest thereon. Such principal and interest were represented by two promissory notes, the former by a note for $9,500, known as a " First Lien Real Estate Trust Deed Note," and the latter by a note for $5,408.96, known as a " First Lien Interest Note." The mortgage provided that monthly payments were to be made in the amount of $47.50 for three years, commencing September 14, 1926, and in the amount of $123.50 for ten years, commencing September 14, 1929. These sums total $16,530, and they were to be applied not only in payment of the principal and interest notes but in payment of a third note for $1,621.04, concededly representing brokerage and the expenses incurred at the time the mortgage was made. The mortgage further provided that upon default in the payment of any monthly installment the mortgage may be foreclosed for the amount it secures, to wit, $9,500 and interest, or the balance thereof remaining unpaid. In other words, the non-payment of the $1,621.04 note was to be an event of default. The payments made by the appealing defendants were applied by plaintiff to the payment of the $1,621.04 note before they were applied to the principal and interest notes. If they had been applied to the latter there would have been no default in the payment of the amount secured by the mortgage. The provisions of the mortgage may well have served to deceive said defendants, who acquired the property subject to the mortgage, and under the circumstances we cannot say that said defendants contested the foreclosure in bad faith. Therefore, we believe it was an improper exercise of discretion to impose costs and an extra allowance against the appealing defendants personally. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ. Settle order on notice.

JEANETTE G. FALCONER, Respondent, v. DAVID VREELAND, Appellant.— In a negligence action where the plaintiff had suffered prior injuries to the same leg, for which she had an award under the Workmen's Compensation Law, the question was fairly submitted to the jury as to the damages suffered by reason of this accident; and they found a verdict for $9,000. On this appeal the sole question is whether the verdict is excessive. Judgment and order reversed on the facts and a new trial granted, costs to abide the event, on the ground that the verdict as to the amount of damages is against the weight of evidence and excessive, unless within ten days from the entry of the order hereon plaintiff stipulate to reduce to $6,000 the amount of the verdict rendered in her favor; in which event the judgment as so reduced and the order are unanimously affirmed, without costs. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ.